## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | |
|---|---|
| SCOTT WESLEY,<br> PLAINTIFF,<br><br>v.<br><br>CITI MANAGEMENT GROUP,<br>LIMITED LIABILITY COMPANY,<br> DEFENDANT | Case No.: 7:13-cv-101 |

## PLAINTIFF'S MOTION FOR DEAFULT JUDGMENT

Now Comes Plaintiff, Scott Wesley ("Plaintiff"), by and through her attorneys, The Wood Firm, PLLC, and hereby applies for a default judgment against Defendant, Citi Management Group, Limited Liability Defendant ("Defendant").

Plaintiff seeks default against Defendant in the amount of five thousand, five hundred, fifteen dollars ($5,515.00), representing statutory damages in the amount of one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692k(a)(2)(A), three thousand, nine hundred, seventy-five ($3,975.00) in attorneys' fees plus costs of five hundred forty dollars ($540.00) pursuant to 15 U.S.C. § 1692k(a)(3).  See Statement of Services attached as Exhibit 1.

Date:  January 21, 2014

Respectfully submitted,

/s/ Jeff Wood
Jeff Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 21, 2013, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties were served through U.S. Mail.

Reginald Brown
CitiManagement Group, Limited Liability Company
3984 Garfield Dr.
Stone Mountain, GA  30083

CitiManagement Group, Limited Liability Company
30 Perimeter Park Dr., Suite 210
Chamblee, GA  30341

Citi Management Group, Limited Liability Company
2251 Perimeter Park Dr., #11
Chamblee, GA  30341


Jeff Wood

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SCOTT WESLEY,<br>    PLAINTIFF,<br><br>v.<br><br>CITI MANAGEMENT GROUP,<br>LIMITED LIABILITY COMPANY,<br>    DEFENDANT | Case No.: 7:13-cv-101 |

### I.     BACKGROUND

Plaintiff filed a Complaint against Defendant on August 12, 2013.  In the Complaint, Plaintiff alleges (1) Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6); (2) at some time in the past, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"); (3) Defendant is subject to the Fair Debt Collection Practices Act (hereinafter "FDCPA") based on numbers (1) and (2) above; (4) Defendant violated the FDCPA when an employee of Defendant contacted Plaintiff and told Plaintiff that the employee was an investigator calling about an "allegation that is being processed in Wise County" and falsely implied that the Plaintiff had committed check fraud and falsely informed the Plaintiff that he was named as the respondent (presumably in a legal proceeding); (5) Defendant further violated the FDCPA in a second voicemail in which Defendant's employee referenced the "check fraud deal" and a docket number of UCA1427; (6) that as of the filing of the Complaint in this matter, Plaintiff has not been sued on the account Defendant was calling about; and (7) on at least one occasion Defendant failed to provide

meaningful disclosure of its identity and failed to inform Plaintiff that Defendant was a debt collector. [Doc. 1 – Complaint – at ¶¶ 11, 15, 23, 28, and 37].

Defendant was served with a summons and Plaintiff's Complaint on December 12, 2013, and Plaintiff filed a Proof of Service with this Court on January 3, 2014. [Doc. 7 – Affidavit of Service]. Defendant did not respond to Plaintiff's Complaint within the time and in the manner provide by Fed. R. Civ. P. 12, and the Court has ordered that this motion for entry of judgment be filed by its order of January 14, 2014. [Doc. 9 – Order].

Plaintiff hereby states the following: (1) the court has determined that the Defendant has not filed a responsive pleading within the time required by the Rules of Civil Procedure [Doc. 9 – Order]; (2) the Defaulting party is not an infant or an incompetent person; (3) the Service Members Civil Relief Act (50 App. U.S.C. § 521) does not apply; and (4) Notice has been served on Defendant, the defaulting party, by means specified in the Affidavit of Service filed with this Court on January 3, 2014. [Doc. 7]. Accordingly, Plaintiff seeks judgment against Defendant in the amount of five thousand, five hundred, fifteen dollars ($5,515.00), representing statutory damages in the amount of one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692k(a)(2)(A), three thousand, nine hundred, seventy-five ($3,975.00) in attorneys' fees plus costs of five hundred forty dollars ($540.00) pursuant to 15 U.S.C. § 1692k(a)(3).

## II.     PLAINTIFF'S COMPLAINT STATES A VIABLE CAUSE OF ACTION

Federal Rules of Civil Procedure 55 authorizes courts to enter a default judgment as to any party that "fail[s] to plead or otherwise defend." Fed. R. Civ. P. 55(a)-(b)(2). Rule 55 applies to parties against whom affirmative relief is sought who fail to "plead or otherwise defend." Fed. R. Civ. P. 55(a). A party is subject to a Rule 55 motion for default judgment when it fails to plead or otherwise respond to a Complaint within the required time period. *New*

*York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996). Defendants, by their default, admit the well plead allegations of fact, except those relating to the amount of damages; and, generally, a judgment by default is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n. 29 (5th Cir.2002), reh. denied (relying upon 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58–59 & n. 5 (3d ed.1998)). Defaults are left to the sound discretion of the Court and must be supported by affidavit, proof that notice was provided and *indicia* of a failure to appear. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998) (emphasis in original); *New York Life Ins. Co. v. Brown*, 84 F.3d at 141; *see also Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296, 297 (S.D.Tex.1967). In determining whether to enter a judgment of default the court may consider whether material issues of fact exist, whether substantial prejudice will result, whether grounds for default are clearly established, and, whether there exists a defense of a good faith mistake or excusable neglect that resulted in the default. *Id*. Where the defendant has not entered an appearance or filed any pleadings or responsive motions, frequently the record before the court is insufficient to analyze these factors. See *Jimenez v. Rosenbaum-Cunningham*, 2010 WL 1303449 at *3 (E.D. Pa. 2010). Under these circumstances, the district court does not have to consider the factors. See *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir.1990). ("When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). Any doubt, however, as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id*.; *Davis v. Parkhill–Goodloe Co., Inc.*, 302 F.2d 489, 495 (5th Cir.1962).

In the Complaint, Plaintiff alleges (1) Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6); (2) at some time in the past, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"); (3) Defendant is subject to the Fair Debt Collection Practices Act (hereinafter "FDCPA") based on numbers (1) and (2) above; (4) Defendant violated the FDCPA when an employee of CMG contacted Plaintiff and told Plaintiff that the employee was an investigator calling about an "allegation that is being processed in Wise County" and falsely implied that the Plaintiff had committed check fraud and falsely informed the Plaintiff that he was named as the respondent (presumably in a legal proceeding); (5) Defendant further violated the FDCPA in a second voicemail in which CMG's employee referenced the "check fraud deal" and a docket number of UCA1427; (6) that as of the filing of the Complaint in this matter, Plaintiff has not been sued on the account CMG was calling about; and (7) on at least one occasion Defendant failed to provide meaningful disclosure of its identity and failed to inform Plaintiff that Defendant was a debt collector. [Complaint-Doc. 1 at ¶¶ 11, 15, 23, 28, and 37].

Under § 1692d and d(6) of the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. 1692 §§d, d(6). Under §§ 1692e, e(1), e(4), e(5), and e(11) of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including but not limited to the threat to take any action that cannot legally be taken or that is not intended to be taken, and the failure to disclose in a communication with a consumer that communication is

from a debt collector made in an attempt to collect a debt. 15 U.S.C. §§ 1692e, e(4), e(5), and e(11). As Plaintiff alleges that Defendant (1) communicated with Plaintiff without identifying itself as a debt collector, (2) falsely implied that a lawsuit had been filed or immanently would be filed against Plaintiff on the account and (3) falsely implied that Plaintiff had committed a crime by allegedly committing "check fraud," Plaintiff's Complaint demonstrates that Defendant violated the FDCPA and therefore provides a basis for default judgment to be entered.

### III. PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT IS REASONABLE

Plaintiff seeks judgment against Defendant in the amount of five thousand, five hundred, fifteen dollars ($5,515.00), representing statutory damages in the amount of one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692k(a)(2)(A), three thousand, nine hundred, seventy-five ($3,975.00) in attorneys' fees plus costs of five hundred forty dollars ($540.00) pursuant to 15 U.S.C. § 1692k(a)(3).

#### A. PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES IS REASONABLE

The FDCPA allows "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00." 15 U.S.C. § 1692k(2)(A). Plaintiff respectfully submits that he is entitled to relief because his claims are well-pled and establish Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq. First, Plaintiff notes that proof of only one violation is sufficient to support judgment for Plaintiff. *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60 (2nd Cir. 1993). In determining the amount of liability in an individual action under the FDCPA, the court may look to, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(2).

As discussed supra, Plaintiff alleges that Defendant (1) communicated with Plaintiff without identifying itself as a debt collector, (2) falsely implied that a lawsuit had been filed or immanently would be filed against Plaintiff on the account and (3) falsely implied that Plaintiff had committed a crime by allegedly committing check fraud. Defendant's egregious conduct was, therefore, in clear violation of §§1692d, 1692d(6), 1692e, 1692e(4), as there is nothing to suggest that Defendant's behavior was unintentional or the result of a mistake.

### B. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE

Plaintiff requests attorneys' fees and requests this Honorable Court to determine Plaintiff's attorneys' fees are reasonable. Plaintiff is entitled to attorneys' fees and costs in the amount of $3,975.00, based on the reasons set forth below.

#### 1. PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS' FEES PURSUANT TO THE FDCPA.

The specific statutory language of the FDCPA, and the public policy considerations in support of this Act, entitle Plaintiff to recover attorneys' fees and costs:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a).

Pursuant to this specific language, the Federal courts have long recognized the importance of the fee-shifting provision of the FDCPA, as well as the public policies behind it. In *Tolentino v. Friedman*, (7th Cir. 1995) the court affirmed that a separate award for costs and fees is mandatory. Given the structure of the section, attorneys' fees should not be construed as

a special or discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir.1995).

### 2. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS BECAUSE PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION.

"[I]n order to encourage private enforcement of the law . . . Congress legislated that in certain cases prevailing parties shall recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a 'fee-shifting' statute. The FDCPA is one such statute, providing that any debt collector who fails to comply with its provisions is liable in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorneys' fee as determined by the Court." *Camacho* at 978, citing *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir.2003) and 15 U.S.C. § 1692k(a)(3)).

In support of this Congressional mandate, federal appellate courts have long upheld a plaintiff's recovery of attorneys' fees and costs after the entry of judgment in plaintiff's favor. *See, e.g.*, *Webb v. James*, 147 F.3d 617 (7th Cir. 1998) (awarding attorneys' fees under the underlying statute after plaintiff accepted defendant's Federal Rule 68 Offer of Judgment) and *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997) (same).

### 3. PUBLIC POLICY SUPPORTS AN AWARD OF ATTORNEYS' FEES AND COSTS.

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Congress found such abuses by debt collectors to be serious and widespread." *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653

(S.D.N.Y. 2006) citing 15 U.S.C. § 1692(e) and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996).[1] The fee-shifting provision contained in the FDCPA, therefore, enables consumers to vindicate their personal rights, while benefitting society in general, and thus, resulting in greater deterrence of fraudulent and deceptive business practices.

Further, the difficulty in private attorneys general actions, such as the FDCPA and similar state enacted statutes, is that the potential for recovery is not clear at the time the litigation is commenced, unlike, for example, in personal injury actions. *Bowers v. Transamerica Title Insurance Company*, 675 P.2d 193, 204 (Wash. 1983). Additionally, the amount in controversy is usually too small to induce an attorney to commence litigation on a contingency-fee agreement. Accordingly, "[T]he purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims." *Majcher v. Laurel Motors, Inc.*, 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); See also *Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978). By providing the private bar with an incentive to involve itself in consumer litigation through a fee-shifting provision, the government is relieved of the costs of protecting consumers while ensuring that consumers may still avail themselves of their statutory rights.

Without a sufficient award of attorneys' fees and costs, the statutory remedy would simply not make the consumer whole as the average consumer would simply be unable to pay his or her attorneys' fees and costs. This result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated the importance. This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision

---

[1] Pursuant to the express intent of Congress in enacting the FDCPA, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

awarding attorneys' fees, "is to encourage consumers to file actions to vindicate their rights." *Grove v. Huffman*, 262 Ill. App.3d 531, 539, 634 N.E. 2d 1184, 1190 (Ill. Ct. App. 1994). The attorneys'-fees provision is in place to remove the difficulty of obtaining counsel in pursuing claims which are relatively small compared to potential legal costs. *Id*. at 539. As a result, public policy dictates that attorneys' fees should be paid by the Defendant.

### 4. IN CONSUMER PROTECTION ACTIONS, IT IS NOT APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEYS' FEES EXPENDED TO THE AMOUNT OF PLAINTIFF'S RECOVERY.

Courts throughout the nation have recognized that in consumer actions, it is not appropriate to calculate an attorneys' fee award based upon the amount recovered by the plaintiff. The fact that the amount recovered by the plaintiff may be disproportionate to the amount of attorneys' fees sought does not make the fees expended unreasonable. As such, the fees awarded should not be reduced to maintain some ratio between the attorneys' fees and underlying compensatory damages. *See Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996); *Jones v. Credit Bureau of Greater Garden City*, 1989 WL 134945 (D. Kan. 1989); and *Northrup v. Hoffman of Simsbury, Inc.*, 2000 WL 436612 (D. Conn. 2000).

### 5. THE RATES SOUGHT BY PLAINTIFF' ATTORNEYS ARE REASONABLE AND COMMENSURATE WITH THEIR EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION.

Plaintiff seeks an award of attorneys' fees in the amount of $3,975.00 and costs in the amount of $540.00, comprised of 15.9 hours of attorney time at an hourly rate of $250.00 per hour. *See* Statement of Services attached as Exhibit 1. The hourly rate of Plaintiff's attorney is commensurate with Plaintiff's attorney's experience and training.

## 6. IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEYS' FEES.

It has generally been recognized in fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery). The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See id*; *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant"). Accordingly, unless Defendant is able to meet its burden, this Court should accept Plaintiff's lodestar and award the attorneys' fees and costs sought.

## CONCLUSION

In order for Plaintiff to obtain default judgment against Defendant, Plaintiff must not only satisfy the requirements of FRCP 55(a), but Plaintiff's Complaint must also contain uncontested factual allegations which, taken as true, state a viable cause of action. Here, Plaintiff satisfied the requirements of FRCP 55(a) and demonstrated that Plaintiff's Complaint states a strong showing of relief under the FDCPA. Furthermore, Plaintiff has satisfied the elements establishing attorneys' fees pursuant to 15 U.S.C. §1692k(a) . Therefore, this Honorable Court should enter default judgment against Defendant in the amount of five thousand, five hundred, fifteen dollars ($5,515.00), representing statutory damages in the amount of one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692(k)(a)(2)(A), and three thousand, nine hundred, seventy-five dollars ($3,975.00) in attorneys' fees plus five hundred forty dollars ($540.00) in costs pursuant to 15 U.S.C. § 1692(k)(a)(3).

**WHEREFORE**, Plaintiff, Scott Wesley, respectfully requests this Honorable Court to enter Default Judgment against Defendant, Citi Management Group LLC, and to award Plaintiff $5,515.00 inclusive of attorneys' fees and costs.

Respectfully submitted,

/s/ Jeffrey D. Wood
_____
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  866-598-9022
EMAIL:  jeff@mmlaw.pro