IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SCOTT WESLEY, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 7:13-cv-0101-O |
| CITI MANAGEMENT GROUP LLC, | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff's Second Motion for Default Judgment (ECF No.15), filed January 31, 2014. Having considered the motion, pleadings, record, and applicable law, the Court **grants** the motion.

**I.   Factual and Procedural Background**

Plaintiff Scott Wesley is an adult individual residing in Montague County, Texas. Pl.'s Compl. ¶ 6, ECF No. 1. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3). *Id.* Defendant Citi Management Group, LLC ("CMG") is a debt collector as defined by 15 U.S.C. § 1692a(6) with its principal place of business in Chamblee, Georgia. *Id.* ¶¶ 7-12. Plaintiff alleges at some point in the past he incurred a debt owing on a personal account (the "account"). *Id.* ¶ 15. Following default, the original creditor transferred the account to CMG for collection. *Id.* ¶¶ 17-18. Plaintiff alleges that on two occasions, CMG left voicemails intending for Plaintiff to believe that CMG was investigating or suing Plaintiff for check fraud. *Id.* ¶¶ 23-24, 28-29. More specifically, Plaintiff alleges that on or about April 29, 2013, CMG left a voicemail message for Plaintiff stating:

> Hi Scott Wesley. [T]his is Investigator Moore. I need to speak with you [about] an allegation that is being processed in Wise County. I need to speak with you

> immediately . . . Mr. Wesley we have an allegation of possible check fraud involving you alleging that you possibly used a metabank account attached with your social security number to possibly commit check fraud. It is imperative that you contact me. You are named as the respondent. I need to speak with you while I am still investigating this case. Once again, 888-323-4465, ext.303. Thank you.

*Id.* ¶ 23. Plaintiff further alleges that on or about June 5, 2013, CMG left another voicemail message for Plaintiff stating:

> Hey Mr. Wesley, this is Investigator Moore. Uh, give me a call please. We got these postdated credit card payments on file for you for this check fraud deal that we had going. Give me a call[.] I want to try to help you out some more today . . . Your docket number is UCA1427. Give me a call buddy. I look forward to hearing from you. Thank you.

*Id.* ¶ 28. Plaintiff alleges that the voicemails were intended to cause Plaintiff to believe CMG was investigating or suing him for check fraud. *Id.* ¶¶ 24, 29. Plaintiff alleges that after hearing the voicemails, he became fearful that CMG was investigating or suing him for check fraud. *Id.* ¶¶ 25, 30. Plaintiff further alleges that CMG was not, in fact, investigating or suing him for check fraud, but calling him to attempt to collect on the account. *Id.* ¶¶ 27, 32, 34-36. Plaintiff alleges that in the voicemails, CMG never announced to Plaintiff that it was a debt collector or used statutorily-mandated language. *Id.* ¶ 37. Plaintiff also alleges that CMG's conduct was knowing and wilful. *Id.* ¶ 39.

On August 12, 2013, Plaintiff filed this lawsuit alleging, *inter alia*, that CMA engaged in unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692, *et seq.* In his prayer for relief, Plaintiff seeks actual and statutory damages as well as reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k. Plaintiff effected service of the Complaint and Summons on Defendant, CMG. *See* ECF No. 7. Defendant did not (1) answer the complaint within twenty-one days after being served; (2) file a responsive pleading or assert any

defenses pursuant to Rule 12(b); or (3) otherwise appear. *See* Pl. Mot. Default J. at 4 (ECF No.15). CMG has also not waived service under rule 4(d). On January 17, 2014, the Clerk entered default against CMG. *See* ECF No. 14. Plaintiff now moves for default judgment on his FDCPA claims.[1]

## II.     Legal Standard

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. The Fifth Circuit requires a three-step process for entry of a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also GuideOne Ins. Co. v. House of Yahweh*, 828 F. Supp. 2d 859, 861 (N.D. Tex. 2011) (Means, J.). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. Fed. R. Civ. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Last, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default is made. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

The Fifth Circuit has held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A default judgment is generally committed to the discretion of the

---

[1] Although in the Complaint Plaintiff brought claims for violations of the Texas Finance Code (Count Two) and Invasion of Privacy (Count Three), his motion for default judgment is limited to certain of his FDCPA claims asserted in Count One. The Court will similarly limit its analysis the claims asserted in the motion.

district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). In determining whether a default judgment should be granted, the court considers a number of factors: (1) whether the default was caused by a good faith mistake or excusable neglect; (2) whether there has been substantial prejudice; (3) the harshness of a default judgment; (4) whether there are material issues of fact; (5) whether the grounds for a default judgment are clearly established; and (6) whether the court itself would be obligated to set aside the default on the defendant's motion. *Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

**III.    Analysis**

In deciding whether a default judgment is appropriate in this case, the Court considers each of the default judgment factors outlined in *Lindsey*. Applying these factors, the Court finds that they weigh in favor of granting default judgment.[2] First, there is no indication of good faith mistake or excusable neglect justifying CMG's failure to respond or otherwise defend against this action. *See United States v. Fincanon*, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009). Second, substantial prejudice has resulted from CMG's failure to appear in this action because Plaintiff has been unable to receive expeditious relief. *Id.* (noting that a defendant's "failure to respond has brought the adversary process to a halt, effectively prejudicing Plaintiff's interests"). Third, CMG had ample opportunity to answer Plaintiff's complaint mitigating the harshness of default judgment against CMG. *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5,

---

[2]The Court recognizes that a default judgment may not be entered against an infant or incompetent person unless represented in the action by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2). Likewise, a default judgment may not be entered against an individual in military service, until an attorney is appointed to represent the defendant. 50 U.S.C. § 521. Defendant, CMG, a limited liability company, is not an infant, incompetent, or involved in military service. Accordingly, the Court finds that these procedural prerequisites for entry of a default judgment have been satisfied.

2011) (noting that the"[d]efendant has had ample time to answer, mitigating the harshness of a default"). Fourth, due to CMG's failure to plead or otherwise respond to the complaint, no material issues of fact have been placed in dispute. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Fifth, the grounds for the default have been clearly established. As to the final factor, the Court finds that a motion by CMG to set aside the default judgment would likely be unsuccessful.

Before default judgment may be entered, the Court must assess the merits of Plaintiff's claims and the sufficiency of the Complaint. *See Nishimatsu*, 515 F.2d at 1206 ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."); *GuideOne Ins.*, 828 F. Supp. 2d at 861 ("[T]he record establishes that the defendants are in default . . . [t]hus, the inquiry before the Court is whether [plaintiff's] well-pleaded allegations and supporting evidence are sufficient to support its requested judgment . . . .").

### A.     *Violations of Federal Debt Collection Practices Act*

In the Complaint, Plaintiff alleges violations of, among other things, Sections 1692(e) and 1692 (d) of the FDCPA, and seeks actual and statutory damages as well as reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k. Plaintiff seeks entry of default judgment on his claims for violations of Sections 1692(e) and 1692 (d) of the FDCPA. *See* Pl. Mot. Default J. at 6-7, ECF No. 15.

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Section 1692e prohibits

a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt[]" and provides a laundry list of activities that violates the FDCPA. 15 U.S.C. § 1692e. Subsection 1692e(4) prohibits the "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4). Subsection 1692e(5) prohibits debt collectors from "threatening to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The debt collector's representations must be analyzed by considering them from the perspective of a consumer with below-average sophistication or intelligence. *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997). Subsection 1692e(11) specifically prohibits the failure to disclose in the initial or subsequent communications that the communication is from a debt collector and that any information obtained would be used for the purpose of collecting on the debt. 15 U.S.C. § 1692e(11). The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Additionally, Section 1692d prohibits debt collectors from engaging in conduct which is meant to "harass, oppress or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Subsection 1692d(6) prohibits debt collectors from the making of "telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).

In the present case, Plaintiff alleges that CMG falsely implied that a lawsuit had been filed or would be filed against the Plaintiff in "Wise County." Pl.'s Compl. ¶ 23. Plaintiff alleges that CMG did not identify itself as a debt collector and that it attempted to collect a debt when calling

Plaintiff. Pl.'s Compl. ¶¶ 26, 37. Plaintiff alleges that CMG told Plaintiff he had committed "check fraud" and falsely informed Plaintiff he was named as the respondent in a legal proceeding. Pl.'s Compl. ¶¶ 23, 28. Based on the foregoing, the Court finds that Plaintiff has sufficiently supported his allegations that CMG violated the FDCPA, specifically, sections 1692d(6), 1692e(4), 1692e(5), 1692e(11). The Court now turns to whether Plaintiff is entitled to damages, attorney's fees andr costs under the FDCPA.

**B.** *Damages, Attorney's Fees and Costs under FDCPA*

In the motion, Plaintiff seeks statutory damages of $1,000, attorney's fees in the amount of $4,300.00, and costs in the amount of $540.00. Pl. Mot. Default J. at.7, ECF No.15.[3] With regard to damages, attorney's fees and costs, 15 U.S.C. § 1692k(a) provides in pertinent part:

> (a)   Amount of damages
>
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of -
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; [and]
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). *See Johnson v. Eaton*, 80 F.3d 148, 151-52 (5th Cir. 1996) ( FDCPA protects debtors by "mandating that the debt collector . . . compensate the debtor fully for any monetary

---

[3] While Plaintiff seeks actual and statutory damages in his prayer for relief, he only seeks entry of default judgment as to his claim for statutory damages. Thus, the Court limits its analysis to statutory damages. The Court notes that had Plaintiff moved for default judgment on actual damages, the Court would have denied this relief since Plaintiff has not alleged any actual damages or provided evidence of any actual compensable injury.

damage, emotional distress or other injury that the debtor can prove the debt collector caused . . . by allowing courts to assess additional, punitive damages and requiring the debt collector to pay the debtor's attorney's fees in addition to his own attorney's fees."). The language of the statute "places explicit conditions on an award of additional damages which must be approved by the court and attorney's fees which are only available where the plaintiff has succeeded in establishing that the defendant is liable for actual and/or additional damages." *Id.* at 151.

Based on the allegations detailed fully above concerning CMG's violations of the FDCPA, the Court concludes that statutory damages in the amount of $1,000.00 are warranted. See 15 U.S.C. § 1692k(a). With regard to his request for attorney's fees and costs, however, Plaintiff has not submitted an affidavit supporting his assertion that the amount of attorney's fees he seeks to recover, as well as the billing rate charge, is reasonable and customary. Plaintiff has also not established for the Court the basis for his costs. The Court allows Plaintiff until **5:00 p.m. on Friday, February 28, 2014**, to submit appropriate support for his request for attorney's fees and costs, absent which his request will not be considered.

**IV.   Conclusion**

Based on the foregoing, the Court **grants** Plaintiff's Second Motion for Default Judgment (ECF No.15), and awards Plaintiff $1,000.00 in statutory damages for CMG's violation of the FDCPA. A final judgment will issue separately following determination of whether attorney's fees and costs are warranted.

**SO ORDERED** on this **21st day** of **February**, **2014.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE